```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/10/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARNOLD H. THOMAS,

                Plaintiff,

-against-

JPMORGAN CHASE BANK,

                Defendant.

1:21-CV-8477 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

    Plaintiff Arnold H. Thomas, of Fernandina, Florida, who appears *pro se*, brings this action asserting claims under the Truth in Lending Act, the Fair Credit Reporting Act, as well as claims that the defendant failed "to adhere to Generally Accepted Accounting Principles." (ECF 2, at 3.) Plaintiff sues JPMorgan Chase Bank ("Chase"), of New York, New York, and seeks damages or, in the alternative, injunctive relief.

    By order dated November 1, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on Chase until the Court reviewed the complaint and ordered that a summons be issued for Chase. The Court therefore extends the time to serve Chase with the complaint until

90 days after the date that a summons is issued for Chase. If the complaint is not served on Chase within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on Chase through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Chase. The Clerk of Court is also instructed to issue a summons for Chase, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summons and the complaint on Chase.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (1) issue a summons for Chase, (2) complete a USM-285 form with the service address for Chase, and (3) deliver all documents necessary to effect service of a summons and the complaint on Chase to the U.S. Marshals Service.

SO ORDERED.

Dated: November 9, 2021
New York, New York

ALISON J. NATHAN
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

JP Morgan Chase Bank
270 Park Avenue
New York, New York 10017