UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARNOLD H. THOMAS,

                Plaintiff,

-v.-

JPMORGAN CHASE BANK N.A.,

                Defendant.

21 Civ. 8477 (JHR)

MEMORANDUM OPINION AND ORDER

---

JENNIFER H. REARDEN, District Judge:

    Plaintiff Arnold H. Thomas commenced this action, *pro se*, against Defendant JPMorgan Chase Bank, N.A. for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Credit Card Accountability Responsibility and Disclosure Act, Pub. L. No. 111–24, 123 Stat. 1734 (2009). *See* ECF No. 2 (Complaint). On November 23, 2021, a judge previously assigned to this case referred the action to Magistrate Judge Sarah L. Cave for general pretrial purposes.[1] ECF No. 8. The order of reference was amended on November 21, 2022 to include dispositive motions.[2] ECF No. 51.

    Presently before this Court are (1) Judge Cave's Report and Recommendation (the "Report"), ECF No. 68, recommending that the Court deny Plaintiff's motion to amend the Complaint; (2) Plaintiff's objection, ECF No. 69 (Pl.'s Objection); and (3) Defendant's response, ECF No. 71 (Def.'s Resp.).

    For the following reasons, Plaintiff's objection is overruled, and the Report is adopted in full.

---

[1] The Honorable Alison J. Nathan issued the Order of Reference.
[2] The Honorable Paul A. Engelmayer amended the Order of Reference.

I. BACKGROUND

The Court presumes general familiarity with the procedural history relevant to this Order, the allegations in this case, and the proposed amended pleading, all of which are explained in Judge Cave's Report. Key points are also set forth below.

**A. Procedural Background**

On March 8, 2022, the parties proposed a case management plan ("CMP"), *see* ECF No. 25, which Judge Cave entered on April 7, 2022, s*ee* ECF No. 28. The CMP provides, in relevant part, that the "[l]ast date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is April 1, 2022. Amendment of pleadings after this date will only be permitted upon a showing of 'good cause' under Fed. R. Civ. P. 16(b)(4)." *Id.* at 5.

Over the next seven months, Judge Cave held several discovery conferences. Plaintiff participated in each. *See e.g.,* ECF Nos. 31, 37. After a discovery conference on November 4, 2022, Judge Cave issued an order stating that "the Court deems fact discovery to be closed at this time." ECF No. 47. On November 30, 2022, Judge Cave set the briefing schedule for the parties' anticipated motions for summary judgment. *See* ECF No. 55. Pursuant to that Order, motions for summary judgment were due by January 17, 2023, with oppositions and replies due by February 7, 2023 and February 28, 2023, respectively. *See* ECF No. 55.

On December 28, 2022, Plaintiff moved to amend the complaint. ECF No. 59 (Mot.). Judge Cave adjourned *sine die* the summary judgment briefing schedule and ordered that, "[b]y Tuesday, January 17, 2023, [Plaintiff] shall file his motion to amend the complaint . . . attaching his proposed amended complaint." ECF No. 61. On January 17, 2023, Plaintiff filed a proposed amended complaint ("PAC"). ECF No. 62 (PAC).

On January 19, 2023, Judge Cave issued an order stating that "[t]he Court shall construe the PAC as [Plaintiff's] motion for leave to file the amended complaint, to which Defendant [ ]

shall respond [ ] by Tuesday, January 31, 2023. . . . [Plaintiff] shall file his reply in support of the PAC by Tuesday, February 7, 2023." ECF No. 64 at 1. The parties timely filed their submissions, *see* ECF Nos. 65 (Opp.), 67 (Reply). On February 27, 2023, Judge Cave issued the Report, recommending that the motion for leave to file the PAC be denied. Report at 1. The Report notified the parties that they had "fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure." *Id.* at 16. Plaintiff timely filed his objection, *see* Pl.'s Objection, to which Defendant timely responded, *see* Def.'s Resp.

**B. Plaintiff's Motion for Leave to Amend**

The PAC asserted two new claims against Defendant: (1) "[D]efendant failed to [provide] adequate assurance of performance to [P]laintiff" as required "under [New York] Uniform Commercial Code [ ] [§] 2-609," and (2) "[D]efendant . . . committed 'Fraud in the Factum' by not following Generally Accepted Accounting Principles[.]" PAC at 4-5; *see* Report at 3-4. The PAC attached as an exhibit a January 29, 2010 affidavit from Walker F. Todd (the "Todd Affidavit"). PAC at 11. The Todd Affidavit appears to have been filed on August 11, 2010, on behalf of the defendants in an unrelated action in the Circuit Court for the County of Oakland, State of Michigan. *Id.* at 11 (case caption of Todd Affidavit). "The Todd Affidavit advances a theory, like the one [Plaintiff] advances here, that the credit financial institutions extend is the equivalent of money." Report at 4; *see* PAC at 18.

In support of his motion for leave to amend, Plaintiff argued that "[a]llowing amendment will not unduly prejudice Defendant[]." Mot. at 2. Plaintiff also asserted that he had "cited accounting fraud . . . in his initial [C]omplaint, in which the defendants in bad faith refused to provide discovery in the form of accounting records." *Id.* at 2. Finally, Plaintiff argued that he had "shown due diligence and good cause to amend his complaint by bringing forth new and

3

relevant information not known to [P]laintiff . . . until December of 2022." Reply at 1. The "new and relevant information [is] in the form of . . . [Walker Todd's] sworn affidavit." *Id.*

### C. Judge Cave's Report and Recommendation

In the Report, Judge Cave first considered whether Rule 15(a) (cited by Plaintiff) or Rule 16 applied to Plaintiff's motion. Report at 4. As previously stated, the CMP proposed by the parties and entered by Judge Cave expressly provided that "[a]mendment of pleadings after [April 1, 2022] will only be permitted upon a showing of 'good cause' under Fed. R. Civ. P. 16(b)(4)." ECF No. 28. Because there was "no doubt that [Plaintiff] filed the Motion long after April 1, 2022," Judge Cave "conclude[d] that the standard in Rule 16(b)(4) applie[d]." Report at 6-7.

Judge Cave then considered whether Plaintiff had shown "good cause" under Rule 16(b)(4). *Id.* In that regard, Judge Cave noted that the "only reason" provided by Plaintiff "for filing the Motion past the April 1, 2022 deadline is that the Todd Affidavit came into his possession in December 2022." *Id.* at 8-9. Judge Cave concluded that Plaintiff had failed to show good cause because the Todd Affidavit was "dated January 29, 2010, approximately ten years before the Complaint was filed in this action[,]" and "other plaintiffs' reliance on the Todd Affidavit in actions similar to this one demonstrates that it was readily accessible to [Plaintiff] with minimal effort." *Id.* at 9. Plaintiff did "not establish how or why []he was unaware of the basis for [his] proposed amendments or why[] he could not have sought the proposed amendments at any time prior to the Court-ordered deadline[.]" *Id.* at 10 (citations omitted).

Judge Cave next explained that, "[d]espite [Plaintiff's] failure to demonstrate good cause, the Court 'may consider other relevant factors including . . . whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.'" *Id.* at 11 (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)). Judge Cave reasoned that the

4

PAC "would require additional discovery and might well entail a different defense strategy" on the part of Defendant. *Id.* at 12-13 ("'Although any prejudice that would flow from any additional required discovery can generally be mitigated by adjustments to the discovery schedule, it remains true that 'prejudice may be found when the amendment is sought after discovery has been closed.'" (cleaned up) (citations omitted)).  Judge Cave further found that the PAC would "significantly delay the resolution of the dispute," *id.* at 11, which "has been protracted and has already consumed considerable resources of the parties," *id.* at 13.  Finally, Judge Cave noted that neither party "argue[d] that denial of the Motion would prevent [Plaintiff] 'from bringing a timely action in another jurisdiction.'" *Id.* at 14 (citation omitted).  Judge Cave therefore concluded that "permitting [Plaintiff] leave to amend at this point in the litigation would be unduly prejudicial to [Defendant]." *Id.* at 12.

## II. LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  With respect to dispositive matters, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  With respect to nondispositive matters such as this one, however, "Rule 72(a) provides that district courts must 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.'"  *MPI Tech A/S v. Int'l Bus. Machines Corp.*, No. 15. Civ. 4891 (LGS), 2017 WL 481444, at *3 (S.D.N.Y. Feb. 6, 2017) (quoting Fed. R. Civ. P. 72(a)).  "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007).

In this Circuit, a motion to amend a complaint is considered a nondispositive motion. *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *see e.g.*, *Thompson v. United States*, No. 16 Civ. 3468 (AJN), 2017 WL 2666115, at *2 (S.D.N.Y. June 19, 2017) ("'Motions . . . to amend are generally considered nondispositive motions, for which the Court's standard of review of the magistrate judge's decision is highly deferential.'" (citation omitted)). "As a 'nondispositive' matter, a magistrate judge's ruling on a motion to amend is reviewed under [Rule 72(a)'s] highly deferential standard." *City of Almaty, Kazakhstan v. Sater*, No. 19 Civ. 2645 (JGK), 2022 WL 1449201, at *2 (S.D.N.Y. May 6, 2022) (citing *Fielding*, 510 F.3d at 178); *see Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15 Civ. 4546 (LGS), 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018) ("[C]ourts in this district . . . have consistently applied the 'clearly erroneous' standard to evaluate the denial of leave to amend by a magistrate judge, regardless of whether the denial foreclosed potential claims.") (collecting cases).

"A decision is clearly erroneous where 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Patrick v. Local 51, Am. Postal Workers Union, AFL-CIO*, No. 19 Civ. 10715 (NSR), 2021 WL 5106638, at *2 (S.D.N.Y. Nov. 3, 2021) (quoting *BPP Wealth, Inc. v. Weiser Capital Mgmt., LLC*, 623 F. App'x 7, 12 (2d Cir. 2015)). "A ruling is contrary to law if it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Xie*, 2018 WL 501605, at *1 (citation omitted).

Finally, in undertaking this review, the Court is mindful that "[o]bjections of *pro se* litigants are generally accorded leniency and construed to raise the strongest arguments that they suggest." *Quinn v. Stewart,* No. 10 Civ. 8692 (PAE), 2012 WL 1080145, at *4 (S.D.N.Y. April 2, 2012) (citation omitted).

## III. DISCUSSION

Rule 15 provides that a court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "If, however, the Court enters a Rule 16 scheduling order that further restricts amendments, then 'the lenient standard under Rule 15(a) must be balanced against the stricter requirement under Rule 16(b).'" *Langton v. Town of Chester Libr. Bd.*, No. 14 Civ. 9474 (NSR), 2020 WL 2850898, at *3 (S.D.N.Y. June 1, 2020) (quoting *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009)) (cleaned up). Rule 16(b) allows a scheduling order to be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). "Thus, a court may deny a motion for leave to amend a pleading if the motion was made 'after the deadline set in the scheduling order' and 'the moving party has failed to establish good cause.'" *Liverpool v. City of New York*, No. 18 Civ. 1354 (PAE)(BCM), 2020 WL 3057466, at *2 (S.D.N.Y. June 9, 2020) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). "The determination of whether 'good cause' exists under Rule 16(b) largely turns on the diligence of the moving party." *Ramgoolie v. Ramgoolie*, No. 16 Civ. 3345 (VEC)(SN), 2020 WL 8838047, at *1 (S.D.N.Y. Sept. 17, 2020) (citing *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). "[T]he good cause standard is not satisfied when the proposed amendment rests on information 'that the party knew, or should have known, in advance of the deadline.'" *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 735 (S.D.N.Y. 2012) (citation omitted) (alteration in original) (denying *pro se* plaintiff's motion for leave to amend complaint).

As an initial matter, Judge Cave did not err in "conclud[ing] that the [good cause] standard in Rule 16(b)(4) applies to the analysis of [Plaintiff's motion]," as there is "no doubt that [Plaintiff] filed the Motion long after April 1, 2022, the final deadline to amend as set forth in the [Rule 16(b) scheduling order]." Report at 6-7. Nor did Judge Cave err in "find[ing] that [Plaintiff] failed to demonstrate good cause to amend." *Id.* at 9. "The only reason that [Plaintiff]

7

provide[d] for filing the Motion past the April 1, 2022 deadline is that the Todd Affidavit came into his possession in December 2022." *Id.*  For two reasons, Judge Cave found that this explanation did not constitute good cause.  First, "the Todd Affidavit. . . is dated January 29, 2010, approximately ten years before the Complaint was filed in this action." *Id*.  Second, "other plaintiffs[] [had] rel[ied] on the Todd Affidavit in actions similar to this one," which "demonstrate[d] that it was readily accessible to [Plaintiff] with minimal effort." *Id.* at 10 (collecting cases).  Judge Cave further noted that Plaintiff did "'not establish how or why he was unaware of the basis for his proposed amendments or why he could not have sought the proposed amendments at any time prior to the Court-ordered deadline, and, therefore, 'has not provided sufficient justification for his failure to move to amend before the' April 1, 2022 deadline." *Id.* (cleaned up).

　　　　Plaintiff argued before Judge Cave that "[D]efendant[] . . . refused to provide discovery in the form of accounting records . . . for which [P]laintiff is now . . . forced with having to amend his initial pleading . . . with new and relevant information [the Walker Affidavit]."  Mot. at 2.  In his objection, Plaintiff similarly argues that "Plaintiff requested . . . accounting records . . . [which Defendant] refused to provide," such that "Plaintiff . . . [was] hindered and delayed by [Defendant] . . . [and] then amended his complaint [ ], with new and relevant information in the form of [the Walker Affidavit]."  Objection at 2-3.  Nowhere does Plaintiff explain why the Walker Affidavit is not "information 'that [he] knew, or should have known'" prior to April 1, 2022.  *Wolk*, 840 F. Supp. 2d at 735 (citation omitted); *see Jenkins v. NYC Health & Hosps. Corp.*, No. 21 Civ. 2848 (JGK), 2023 WL 4534637, at *5 (S.D.N.Y. July 13, 2023) (concluding that *pro se* plaintiff failed to establish good cause to amend complaint to add a breach of contract claim because, notwithstanding "plaintiff['s] represent[ation] that he did not realize that he could

8

bring a breach of contract claim against the defendants until he conducted further legal research. . . . , unawareness of a possible claim is an insufficient ground for an amendment").

"Given this record, the Court cannot conclude that Judge [Cave]'s good cause determination was clearly erroneous, let alone contrary to law." *Langton*, 2020 WL 2850898, at *3 (S.D.N.Y. June 1, 2020) (overruling objection to magistrate judge's denial of *pro se* plaintiff's motion to amend, reasoning that the magistrate had "consider[ed] Plaintiff's explanation that she had not learned of the newly alleged conduct until [after the scheduling order deadline], but . . . [found that] documents filed in [a parallel state court action] belied Plaintiff's assertion"); *see Case v. Clivilles*, No. 12 Civ. 8122 (TPG), 2016 WL 5818577, at *4 (S.D.N.Y. Oct. 4, 2016) ("Plaintiff [did] not show that her new claim relied on any facts unavailable to her when she brought the action. . . .As such, the Court is justified in denying leave to amend the complaint after the scheduled deadline even when accounting for [plaintiff's] *pro se* status.").

After concluding that Plaintiff did not establish good cause, Judge Cave "'consider[ed] other relevant factors including . . . whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.'"  Report at 10 (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).  Judge Cave found that "permitting [Plaintiff] leave to amend at this point in the litigation would be unduly prejudicial to [Defendant]. . . . , as [Plaintiff] filed the Motion . . . almost two months after the Court deemed discovery closed . . . and just days before summary judgment motions were due." *Id.* at 12-13. Judge Cave's finding of prejudice is neither clearly erroneous nor contrary to law.  *See Tafuto v. New York State Off. for Child. & Fam. Servs.*, No. 08 Civ. 8433 (LTS)(THK), 2011 WL 2077089, at *4 (S.D.N.Y. May 25, 2011) (denying *pro se* plaintiff leave to amend where

"discovery ha[d] been completed and Defendants were in the process of preparing motions for summary judgment").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's objection is OVERRULED. The Court adopts Magistrate Judge Cave's Report and Recommendation. Plaintiff's original complaint (ECF No. 2) remains the operative pleading in this action.

By **10 days from date of this Order**, the parties shall file a joint letter addressed to Judge Cave proposing a briefing schedule for their anticipated summary judgment motions.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: July 11, 2024
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge